IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

STEWART SCHUMAN

    Plaintiff,

vs.

CCUSO MEDICAL STAFF AND
CCUSO ADMINISTRATION

    Defendants.

No. 14-CV-4024-DEO

INITIAL REVIEW ORDER

## I. INTRODUCTION

This matter is currently before the Court on Stewart Schuman's [hereinafter Mr. Schuman] Motion to Proceed In Forma Pauperis, Docket No. 1. The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). Prisoners must meet certain requirements in order to have their filing fee waived.

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO,
  http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited April 7, 2014.

28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited April 7, 2014.

confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), cert. denied Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.
[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

action, (2) statement that plaintiff is entitled to redress,[6] (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1).

Mr. Schuman has filed a pro se affidavit requesting in forma pauperis status. Docket No. 1. However, Docket No. 1 is not signed by Mr. Schuman and fails to state the nature of his claim.

More importantly, Mr. Schuman has not filed a complaint stating the nature of his action. Instead, he has attached a letter setting out the nature of his concern. (The Court will address that matter below.) However, without a complaint naming proper defendants and without a proper application to proceed in forma pauperis, the Court cannot allow this matter to proceed.[7]

In his letter, Mr. Schuman states that he has a rash on his leg. Mr. Schuman states that he believes the rash is from

---

[6] Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgment in his or her favor.
[7] 42 U.S.C. § 1983 suits need to made against individuals. Accordingly, general allegations against "CCUSO Medical Staff" and "CCUSO Administration" cannot be allowed to proceed.

4

a "dirty" shower at CCUSO. Mr. Schuman states that neither Nurse Benson nor Dr. Veit have allowed him to see a dermatologist for his rash.

If Mr. Schuman wishes to file a 42 U.S.C. § 1983 case alleging that individuals at CCUSO have been deliberately indifferent to a serious medical need, he needs to set those allegations out in a complaint. (The Court will attach a copy of the 42 U.S.C. § 1983 complaint form to this Order.) Additionally, for his case to succeed, Mr. Schuman must include a motion to proceed in forma pauperis that complies with the requirements set out above. Finally, if Mr. Schuman wishes to have counsel appointed, he must file a motion so requesting.

However, the Court will send a copy of this Order to Assistant Attorney General Gretchen Kraemer, who regularly represents CCUSO defendants, in the hopes that this matter can be resolved without the need for further litigation.

### III. CONCLUSION

Mr. Schuman's Motion to Proceed In Forma Pauperis, Docket No. 1, is DENIED, as set out above, and this case is DISMISSED without prejudice. The Clerk of Court will send a copy of this Order to Assistant Attorney General Gretchen Kraemer,

5

Department of Justice, Regents and Human Services Division, Hoover Building, Des Moines, Iowa 50319-0109.

**IT IS SO ORDERED** this 8th day of April, 2014.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa